UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL B.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C21-1297-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erred by, *inter alia*, finding her not disabled despite vocational expert ("VE") testimony the residual functional capacity ("RFC") the ALJ assessed would preclude work. Dkt. 17 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability.

## BACKGROUND

In September 2015, Plaintiff applied for benefits, alleging disability as of November 1, 2009. Tr. 218-23. Her application was denied initially and on reconsideration. Tr. 126-34, 138-44. The ALJ conducted a hearing in March 2017 (Tr. 38-75), and subsequently found Plaintiff not disabled. Tr. 15-32. The Appeals Council denied Plaintiff's request for review (Tr. 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

remanded for further administrative proceedings. Tr. 1119-40. A different ALJ held another hearing in May 2021 (Tr. 1078-1111) and subsequently issued a decision finding Plaintiff not disabled. Plaintiff now seeks judicial review of that final decision.

## DISCUSSION

The ALJ found Plaintiff was limited to performing simple, repetitive tasks with occasional interaction with co-workers, the general public, and supervisors. Tr. 1064. The VE testified at the hearing a hypothetical claimant with that limitation as well as the other RFC limitations identified by the ALJ could perform multiple unskilled jobs. Tr. 1105-06. Counsel asked the VE about the social requirements of unskilled jobs during the initial training period:

> [Counsel]: . . . With the limitation about the occasional public, co-workers, supervisor contact, now with these [Specific Vocational Preparation ("SVP")] 1 and 2 type jobs . . . is there [an] initial training period or probationary period for these jobs?
>
> [VE]: The SVP for SVP 2 jobs is [INAUDIBLE] up to and including 30 days for specific vocational preparation. So there would be a period of up to 30 days for the person to learn the job tasks. I'm not sure that it's a probationary period, but, certainly, a period when they're learning, and when they're being scrutinized.
>
> [Counsel]: Okay. And during that first time period, they can only have occasional contact with their supervisors, trainers, co-workers, would that be problematic, being trained on the job, you know, today we're going to do a two-hour training session, but they're going – they get through a third of that training session, would that be problematic?
>
> [VE]: That would be problematic.

Tr. 1109.

Plaintiff contends, the VE's testimony as quoted here establishes the ALJ's RFC assessment is incompatible with the ability to sustain substantial gainful activity, and thus a finding of disability should follow. *See* Dkt. 17 at 2-3 ((citing *Gatliff v. Comm'r of Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) (holding that "substantial gainful activity means more

than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time")). Despite Plaintiff's listing this argument as her first assignment of error and devoting a section of the opening brief solely to this issue (Dkt. 17 at 1-3), the Commissioner wholly fails to respond to this argument. *See* Dkt. 21. On reply, Plaintiff contends the Commissioner's failure to respond should be construed as a concession. Dkt. 19 at 1.

The Court finds merit in that contention, and agrees the VE's testimony unequivocally states that, based on the ALJ's RFC assessment, Plaintiff is limited to unskilled work, and her social limitations would preclude her from maintaining unskilled jobs throughout the required initial training period. Tr. 1106-09. Other courts have found similar VE testimony, indicating that a claimant's limitations as defined by the ALJ would not permit him or her to maintain employment through the initial training period, warrants a remand for a finding of disability. *See, e.g.*, *Ramon T. v. Comm'r of Social Sec. Admin.*, 2021 WL 2155047 (W.D. Wash. May 27, 2021); *Donald O. v. Saul*, 2020 WL 6561610 (W.D. Wash. Nov. 9, 2020).

Under these circumstances, where the ALJ's own RFC assessment read in conjunction with VE testimony compels a finding of disability, and the Commissioner has offered no argument to the contrary, the Court finds further proceedings would serve no useful purpose to remedy this error or any of the other alleged errors listed in Plaintiff's opening brief. Accordingly, the Court remands this matter for a finding of disability.

/

/

/

/

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for a finding of disability.

DATED this 27th day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge